IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MIGUEL ANGEL REYES-SOTO,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT A. LUND,**<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00178-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) Defendant Robert A. Lund's ("Defendant") motion to dismiss[2] and (2) Plaintiff Miguel Angel Reyes-Soto's ("Plaintiff") "Objection to Magistrate Hearing Administrative Case and Request for Article III Court."[3]  The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion and objection based upon the written submissions.  *See* DUCivR 7-1(f).

---

[1] *See* ECF no. 12.

[2] *See* ECF no. 4.

[3] ECF no. 14.

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

Plaintiff's pro se complaint is exceptionally difficult to follow. It contains incorrect syntax, peculiar language, and confusing statements. Nevertheless, as best the court can decipher, the essence of Plaintiff's complaint appears to be an attempt to collaterally attack a criminal conviction and subsequent sentencing in this court.

After a disjointed and nearly incomprehensible introduction, Plaintiff's complaint includes the following sections, which are equally difficult to comprehend:

- "Request for Article III Court" and "Certificate of Necessity," in which Plaintiff requests that this case be assigned to a "competent and qualified judge from the Court of International Trade."[4]

- "Special Notice to the Court" and "Status of Secured Party," neither of which the court can decipher.[5]

- "Statement of Claims," in which Plaintiff alleges that he is not fighting his conviction in his criminal case, but instead "is challenging the court[']s subject matter jurisdiction to hear the case in the first place as was alleged presented by [Defendant] nunc pro tunc."[6]

- "Statement of Issues," in which Plaintiff alleges that he "tendered payment and a private administrative remedy to [Defendant] pursuant to the Administrative Procedures Act . . . requesting that [his criminal case] be set

---

[4] ECF no. 1 at 3-4.

[5] *Id.* at 5.

[6] *Id.* at 5-6.

2

off, settled[,] and closed" and that Defendant is somehow in "default" in those administrative proceedings.[7]

- "Jurisdictional Issues," in which Plaintiff alleges that this court lacked subject matter jurisdiction over his criminal case pursuant to the Federal Rules of Civil Procedure, and in which he requests that the Chief District Judge of this court "investigate and determine if proper jurisdiction was in fact presented to the trial court by [Defendant] upon demanding proof of jurisdiction to be presented on the official record for review by both this court and [Plaintiff]."[8]

- "Anticipation of [Defendant's] Objection," in which Plaintiff refers to himself as a "common-law constitutional entity" and requests that "for any and all statute(s), rule(s), regulation(s) alleged to have authority or power over this common-law entity, please, produce the Signed and Sealed Certificate of Statute by the Supreme Court giving the agency/agent the authority to enforce said statute, rule[,] or regulation."[9]

- "No Immunity" and "No Immunity for State Actor (Agent)," in which Plaintiff appears to allege that Defendant does not have any immunity from Plaintiff's claims.[10]

- "Bonding Discharges," in which Plaintiff alleges that "[w]ithout proof of jurisdiction, [Defendant], negotiated a void default judgement and the payment of an alleged debt while operating in a de facto capacity as an agent for the STATE OF UTAH which can no longer function in a de cure capacity having been involuntarily suspended by the Federal Government for an inability/failure to honor its obligation(s) contracted with the people as mandated by its constitution."[11]

- "Public Hazard Bonding of Corporate Agents," in which Plaintiff alleges that (1) Defendant is "required by federal, state, and municipal law to provide the name, address[,] and telephone number of [his] public hazard and malpractice bonding company and the policy number of the bond and, if required, a copy

---

[7] *Id*. at 7.

[8] *Id*. at 7-11.

[9] *Id*. at 11-13.

[10] *Id*. at 13-14

[11] *Id*. at 14-15.

3

of the policy describing the bonding coverage of [his] specific job performance"; (2) Defendant's failure to do so "constitutes corporate and limited liability insurance fraud . . . and is prim a [sic] facie evidence and grounds to impose a lien upon [Defendant] personally to secure [his] public oath and service of office"; and (3) Plaintiff has the right to now place some sort of lien and seize the property of Defendant.[12]

- "International Commercial Affidavit Presented As/Under Letter Rogatory," which the court is unable to decipher.[13]

- "Identification of Moving Party," in which Plaintiff refers to himself as a "Secured Party/Plaintiff;" alleges that he "is a natural born, free, living, breathing, flesh and blood human with sentient and moral existence, a real man/woman upon the soil, a juris et de jure, also know[n] as a Secured Party and a[n] inhabitant, not a United States Citizen"; and alleges that he "is not a subject of, or to, the State State [sic] Constitution or the United States Constitution, its Ordinances, Statutes, Codes, or Regulations; or subject of, or to, Executive, Legislative, [or] Judicial Jurisdiction of its actor(s), agent(s), officer(s), employee(s), or elected officials of Government."[14]

- "Notice of Void Judgment Pursuant to Accardi Doctrine" and "Jurisdiction," in which Plaintiff appears to simply repeat many of his prior arguments about subject matter jurisdiction.[15]

- "Rescind of Signatures," in which Plaintiff alleges that "Beneficiary, Miguel-Angel:Reyes-Soto© hereby revokes, rescinds[,] and cancels ANY AND ALL signatures, and cancels any and all silent or assumed powers of attorney of any parties, known or unknown contracts conferring trusteeship causing the Beneficiary to be placed as a trustee to the Trust."[16]

---

[12] *Id*. at 15-16.

[13] *Id*. at 16-17.

[14] *Id*. at 18.

[15] *Id*. at 18-21.

[16] *Id*. at 21.

4

- "Notice & Appointment of Trustee," in which Plaintiff purports to appoint Defendant as "the principal Fiduciary Trustee" and authorize Defendant, as "Fiduciary Trustee," to "settle and close the matter" of his criminal case.[17]

- "Caveat," in which Plaintiff alleges that "ALL OF THE OFFICIALS IN THIS COUNTRY ARE ACTING UNDER A FOREIGN STATE, THEY ARE OPERATING OUTSIDE THE JURISDICTION OF THE UNITED STATES. NO CITY OR COUNTY CAN HEAR ANY CASES DEALING WITH CORPORATIONS, and the lower courts have jurisdiction over we the people."[18]

- "Judicial Notice," in which Plaintiff repeats his allegations purporting to appoint Defendant as "the principal Fiduciary Trustee" of some trust.[19]

- "Legal Notice and Demand," in which Plaintiff alleges that "[t]here is an established distinction between Miguel-Angel:Reyes-Soto©, the living man in the Republic and not engaging in commerce, in contrary to . . . MIGUEL ANGEL REYES-SOTO, a legal entity/contract trust entity."[20]

In the final section of his complaint, Plaintiff appears to allege that because he was prosecuted under the name MIGUEL ANGEL REYES-SOTO, instead of Miguel-Angel:Reyes-Soto©, this court lacked jurisdiction over his criminal case. Plaintiff refers to MIGUEL ANGEL REYES-SOTO as a "governmentally created fiction, existing for Commercial purposes only, existing in the contemplation of the Law, and non-existent."[21] Plaintiff then asserts the following five requests for relief:

---

[17] *Id*. at 21-24.

[18] *Id*. at 24-25.

[19] *Id*. at 25.

[20] *Id*. at 25-27.

[21] *Id*. at 27.

5

1. That the United States District Court, Central District of Utah including Salt Lake and state of UTAH, Cause No: 2: 11-CR-00646-001-TC be vacated for want/lack of Subject Matter Jurisdiction and Dismiss With Prejudice;

2. That the Secured Party, Miguel-Angel:Reyes-Soto© be DISCHARGED from the custody of any/all STATE OF UTAH AGENCIES;

3. That [Defendant] and/or his/her successors, must prove and provide on the record that he/she had either jurisdiction or any Law that can supersede the Holder-In-Due-Course Priority Claim.  If, [Defendant], and/or his/her successors, state any Law, please have him/her for the record show any/all Certificates of Statutes related to those Laws he may use;

4. That [Defendant], and/or his/her successors, must prove and provide said proof on the record that he/she or the Court had lawful jurisdiction over the Living Man/Secured Party Miguel-Angel:Reyes-Soto©[;]

5. If [Defendant], and/or his/her successors, cannot provide any of the above, Secured Party Miguel-Angel:Reyes-Soto© requests a Hearing to appoint [Defendant] and/or his/her successors, as Trustee(s) of MIGUEL ANGEL REYES-SOTO and the Secured Party Miguel-Angel:Reyes-Soto© be released/discharged from any and all obligations owed to the STATE OF UTAH.[22]

## ANALYSIS

In response to Plaintiff's complaint, Defendant filed the motion to dismiss before the court.[23]  Also before the court is Plaintiff's "Objection to Magistrate Hearing Administrative Case and Request for Article III Court."[24]  The court will address those matters in turn.

---

[22] *Id*. at 27-28.

[23] *See* ECF no. 4.

[24] ECF no. 14.

## I.      Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's complaint on several grounds, including failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and failure to comply with the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Because the court concludes that Defendant's Rule 12(b)(6) and Rule 8 arguments are dispositive of this action, the court addresses only those arguments here.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him. *See Twombly*, 550 U.S. at 555. The

7

twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kan. City, Inc. v. American Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

In conducting the analysis of Defendant's motion, the court is mindful that Plaintiff is proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

As demonstrated by the background recited above, Plaintiff's complaint is difficult to decipher, confusing, and makes little sense.  Moreover, it is almost entirely comprised of conclusory allegations without any supporting facts.  As such, the court concludes that it fails to

state any claims that are plausible on their face.  *See Iqbal*, 556 U.S. at 678.  Consequently, the court has determined that Plaintiff's complaint fails to state claims upon which relief can be granted.

Furthermore, Plaintiff's complaint fails to meet the minimum pleading requirements of Rule 8.  The court concludes that the confusing and nearly undecipherable allegations in Plaintiff's complaint have not put Defendant on fair notice of the claims against him so that he can make an informed response.  *See Monument Builders of Greater Kan. City, Inc.*, 891 F.2d at 1480.  Additionally, those allegations do not provide the court with the ability to determine whether Plaintiff is entitled to any relief.  *See id*.  The incomprehensible nature of Plaintiff's allegations requires the court to conclude that this action should be dismissed pursuant to Rule 8.  *See Farrow v. Confer*, 202 F.3d 281 (10th Cir. 1999) ("A complaint is subject to dismissal under Rule 8(a) if it is incomprehensible.") (quotation and citation omitted).  Furthermore, based upon the content of Plaintiff's complaint and other pleadings, it is clear to the court that the dismissal should be with prejudice because allowing Plaintiff to amend his complaint would be futile.  *See id*. (providing that a complaint may be dismissed with prejudice under Rule 8 if allowing the plaintiff to amend his complaint would be futile).

For those reasons, the court concludes that Defendant's motion to dismiss should be granted and that this action should be dismissed with prejudice.

## II.     Plaintiff's Objection

In this objection, Plaintiff reiterates the request from his complaint for a "Certificate of Necessity" that requires this case to be assigned to "a competent and qualified judge from the

9

Court of International Trade."[25]  In a different portion of his objection, Plaintiff argues that "an Article III judge must be designated and temporarily appointed to preside over ALL PROCEEDINGS in this Instant Cause, who IS NOT A 'TAXPAYER' and whose integrity and independence from all other governments and all other government branches are 'unassailable' and beyond question."[26]

Like his complaint, Plaintiff's objection is exceptionally difficult to follow.  It is confusing and nearly incomprehensible.  Even if the court liberally construes Plaintiff's objection as a challenge to Judge Kimball presiding over this case, Judge Kimball's referral of this case under 28 U.S.C. § 636(b)(1)(B), or this court's authority to handle this case under 28 U.S.C. § 636(b)(1)(B), the court should overrule it.  Plaintiff's objections do not contain any valid arguments or binding legal authority that would require Judge Kimball to recuse himself or question Judge Kimball's authority to refer this case under 28 U.S.C. § 636(b)(1)(B).  Additionally, Plaintiff's objections do not provide any valid arguments or binding legal authority that would call into question this court's authority to handle this case under 28 U.S.C. § 636(b)(1)(B).  Accordingly, Plaintiff's objections should be overruled.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss[27] be GRANTED and that this action be DISMISSED WITH PREJUDICE.

---

[25] ECF no. 14 at 3.

[26] *Id*.

[27] *See* ECF no. 4.

IT IS FURTHER RECOMMENDED that Plaintiff's "Objection to Magistrate Hearing Administrative Case and Request for Article III Court"[28] be overruled.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of March, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[28] ECF no. 14.